Appeal No. 23-2821. Mr. Shapiro. Good morning. Fifteen years ago, George and Maria Dernis began an odyssey that would be difficult to predict or describe. What was involved was a corrupt bank, jailed bank officers, an indifferent FDIC, and the hope that today, this de novo proceeding will create an opportunity for this matter to be heard. Premier Bank was declared to be unsafe and unsound approximately 15 years ago. In March of 2012, the FDIC receivership came into place with regard to Premier Bank. The attorney for Premier Bank at that time was one Andrew Abrams, who became the attorney for the FDIC corporate, the FDIC receiver, and Amos Financial, the successor arguably in interest to the FDIC as a result of a loan sale agreement. At the same time, the Illinois Attorney General and a grand jury were investigating Premier Bank. Mr. Shapiro, can I ask you about Section 2680H? I'm asking you about immunity here. Immunity does not cover forgery. Immunity – How so? It's a – if I may, with regard to the FDIC, the FDIC had the capacity and the ability to do and exercise reversionary rights and to proceed from that point to mend this situation before it went on the path that it did. But what – I guess my concern is what difference does that make if there's immunity and the FDIC cannot be sued? The FDIC – I guess your argument is that they waived immunity or they never had immunity? The FDIC, under its legislation, can sue and be sued. Right, but that doesn't say anything about immunity. No, it doesn't say anything about immunity, and I believe, Your Honor, that that is the direction in which I am going. The only defendant at this point is the United States, correct? That is correct, under the Tort Claims Act. So 2680 is applicable if it's applicable by its terms. Can you point us to the legal error you think the district judge made? Yes, the legal error that the judge made was that the documentation that was presented to the FDICR by Premier Bank and then eventually to Amos was void ab initio if you are to refer to the two pieces of – two decisions that came forward. One in 2023, Landcastle Acquisition v. Renaissance Bank, an 11th Circuit decision in January of 23, and a much-read decision in the Langley case by the United States Supreme Court describing fraud in the factum. The question for me is – Sorry, what were those two cases? Landcastle Acquisition v. Renaissance Bank, 11th Circuit, decided 1-12-23, and the Langley decision at the United States Supreme Court. Were those in your brief? No, they were not. So when we ask you to identify the legal error, you cite cases that are not in your main brief. That is correct. I'm speechless. I'm sorry for that, Your Honor. I can only say what I have before me at this moment in time, a complete history of the misconduct, and whether or not that can be reviewed, heard, or in any way applied to us. Why should we not treat any argument based on the Landcastle and Langley cases as waived? Understood, but the principle isn't waived. The principle of fraud in the factum is not waived in this manner. We have contracts that are void due to the forgery of bank officers. We have the exercise of FIREA rights by Amos Financial, which they do not have under the loan sales agreement. We have a failure on the part of the FDIC to exercise their reversionary rights, and we have a complete disaster for a family that has been through more than could possibly imagine, including the fact that Maria is not here today in the courtroom with me, and neither is George. George suffered a massive stroke on September 1st, remains hospitalized and incapable of speech and walking at this moment in time. So what am I asking this panel to do? I'm asking you to review de novo and to look at a fact pattern and send this down for an opportunity to, again, review it in front of Judge Aspin and to bring forward these matters. And to do that, Mr. Shapiro, you need to identify and needed to identify in your opening brief a legal error made by the district judge on an issue that was presented to him. 2680H provides an exception for, among other things, misrepresentation, deceit, or interference with contract rights, correct? Correct. How does your allegations about fraud and forgery not come within that language? The difference is whether or not it is the FDIC understandings both in FIREA and DENJDUME. Are those the controlling ones, and do they migrate to the United States government for purposes of potential liability? I realize I am asking for something that is somewhat novel, but I have no choice except to pursue it at this point in time as this family suffers. Would you like to save your remaining time for rebuttal? I have saved two minutes at this moment, if I may. I'd like to point out something that is potentially of significance here. Four employees of the FDIC, Andrew Abrams, Joseph Scaffin, John Garisco, and Dan Bergen, the criminal investigator, were aware of what was going on here. And 14 months after that awareness hit the FDIC, what happened? The FDIC took these documents, transferred them to Amos, and Amos then exercised FIREA rights, which it does not have. Wherever you may think this case belongs, I think it also belongs as a concept in justice and equity. Thank you. Okay, thank you, Mr. Shapiro. Ms. Terman. May it please the Court, Counsel? The Dernesses cannot sue the United States in tort because most of what they complain about in the complaint was not timely presented to the agency, and their narrow allegation that was timely presented is barred by the intentional torts exception to the Federal Tort Claims Act. The United States is, of course, a sovereign, and a sovereign can't be sued unless it consents to be sued, and the United States does not consent to be sued for claims arising out of fraud. The statute in Section 2680H exempts torts arising out of, among other things, libel, slander, misrepresentation, deceit, and that's exactly what's pled in this complaint. The Dernesses essentially plead themselves right in to the intentional torts exception. Everything alleged in the complaint arises out of fraud, and the opening line of the opening brief in this appeal says, the underlying complaint was filed by the appellants to obtain relief from the fraud committed by the United States government, and for that simple reason, the United States remains immune from suit. And if there are no further questions, we'd ask that this court affirm the decision below. Thank you, Ms. German. Mr. Schapiro, do you have anything you'd like to add? I had only the point that has to be made, and that is the damage done by the FDIC, and it would seem that it would be arguable that the FDIC, which is an entity that can sue and be sued, is a branch of the United States government, and as such, this action should lie. Mr. Schapiro, can I ask you, was there any recoupment from the convicted owners of Premier Bank, either in criminal fines or restitution or anything of that sort? Not that I'm aware of, Your Honor. Additionally, there was a $7 million recoupment in the bankruptcy that succeeded this activity by the FDIC. From your clients? No. Oh, no. From the sale of assets. Ah, okay. The disposition of the family's assets. Ah, okay. Okay. Thank you. Thank you. Thank you. Thank you, Mr. Schapiro. The case will be taken under advisement.